Traci A. **WALLENCE**, Plaintiff,

v.

Thomas **TREADWELL**,
et al., Defendants.

Civil Action No. 95–1452.

United States District Court,
E.D. Pennsylvania.

Dec. 18, 1995.

---

Stephen B. Nolan, Stradley, Ronon, Stevens & Young, Philadelphia, PA, for Wallence.

James L. Cowden, Strokoff & Cowden, P.C., Harrisburg, PA, for Assn. of Pa. State College and University Faculties.

John M. Gallagher, Jr., Media, PA, for Treadwell.

Claudia M. Tesoro, Office of Attorney General, Philadelphia, PA, for remaining defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* In brief, Plaintiff Traci Wallence alleges that Defendant Thomas Treadwell sexually harassed her in violation of her civil rights and that Defendant West Chester University and several University administrators (the "University Defendants") also violated her rights by failing to properly act upon her complaints against Defendant Treadwell and by failing to establish and enforce an effective sexual harassment policy. Plaintiff has also alleged that Defendant Treadwell has committed various torts under Pennsylvania law.

Presently pending before the Court are two discovery motions. In the first motion, Defendant Treadwell has sought an investigative file created by West Chester University's Department of Public Safety after a leaflet entitled "Reputed Sexual Harassers at W.C.U." appeared on the West Chester campus. The leaflet included a list of individuals, including Treadwell. In the second motion, Plaintiff has sought production by West Chester University of all documents relating to complaints by University students of sexual harassment, sexual discrimination, sexual assault, stalking, retaliatory conduct or other misconduct by University personnel.

For reasons set forth in this memorandum, Defendant Treadwell's motion will be denied and Plaintiff Wallence's motion will be granted in part and denied in part. The Court

will also grant a brief extension of time for additional discovery in this action.

## I. The Police Investigative File

■ It is undisputed that in April 1994 a leaflet appeared on the West Chester University Campus listing nine faculty members as "Reputed Sexual Harassers at W.C.U." and that Defendant Treadwell's name appeared on that list. It is also undisputed that this leaflet appeared after Plaintiff Wallence had filed a complaint with the University's Affirmative Action office based on her allegations of sexual harassment by Defendant Treadwell. In addition, it is undisputed that the University's Department of Public Safety subsequently began an investigation into who may have produced and posted this leaflet.

In his motion to compel production of the Public Safety investigative file, Defendant Treadwell contends that:

> [I]t is reasonable to presume that whoever published this flyer has information or has heard about Treadwell from others who believe Treadwell has committed such acts. These individuals may well have spoken to Wallence regarding the subject matter of this case. Treadwell is entitled to know who these individuals are and to conduct discovery regarding what they may have seen or heard from others. Such discovery could reasonably lead to information and witnesses whose testimony is directly relevant to the very serious allegations raised against him.

In its opposition to this motion, Defendant West Chester University asserts that its investigation was inconclusive, that production of the file is unnecessary, and that Defendant Treadwell is engaging in "rank speculation." Defendant West Chester University also asserts that it cannot turn over the file pursuant Pennsylvania's Criminal History Record Information Act, 18 Pa.C.S. § 9101 et seq. In an effort to resolve the dispute, however, Defendant University offered to provide the entire file to the Court for in camera review and the Court ordered Defendant University to do so.

Defendant Treadwell has now filed a response to West Chester University's opposition, asserting that he does not dispute the University's contentions that its investigation is inconclusive, that the file does not mention Plaintiff Wallence, and that the file contains nothing about any underlying harassment incidents. Nevertheless, Defendant Treadwell asserts that he is entitled to the unredacted file, as "the scope of discovery in this matter is unquestionably much broader than a narrow inquiry into who posted the flyer. The question of who said what regarding Treadwell's behavior is clearly discoverable, and goes well beyond the narrow question of which individual is responsible for the list."

After a review of the investigative file, the Court finds that the file indeed shows that Defendant University's investigation was inconclusive. On the basis of the material developed by Public Safety officers and incorporated in the investigative file, the University does not know the identity of the person or group who created and posted the leaflet or the basis for the inclusion of Defendant Treadwell on the leaflet. The file contains no reference to Plaintiff Wallence. The file also contains no reference to Defendant Treadwell, with the exception of his name in a report of the contents of the April 1994 leaflet.

In light of the Court's in camera review of the file's contents and the fact that the file contains no statements about Defendant Treadwell's behavior, as well as the Court's determination that disclosure of the contents of the file at this time may undermine the willingness of individuals to provide information in confidence to University Public Safety officers, the Court will deny Defendant Treadwell's motion to compel production of the Public Safety investigative file.

## II. Plaintiff's Motion to Compel

In the course of discovery, Plaintiff Wallence submitted the following request for production to the University Defendants:

> 45. Your Files for all Complaints regarding sexual harassment, sexual discrimination, sexual assault, stalking, retaliatory

conduct, or other misconduct, or regarding an alleged failure to respond adequately to such Complaints, which were made during the Relevant Time Period by any student (undergraduate or graduate) against any professor, teacher, graduate student, teaching assistant, resident assistant, agent, or other the (sic) representative of the University, including but not limited to all documents that relate to:

 a. Your hearing of the Complaint;

 b. the facts underlying the Complaint;

 c. the procedures You followed in processing the Complaint;

 d. the explanation of rights You gave to the complaining party or parties;

 e. Your investigation of the Complaint;

 f. Your response to acts of retaliation against the complainant;

 g. Your Communications with the complainant, the accused or any other student, faculty, or staff of the University, including the accused, his union representative or attorney, regarding the Complaint;

 h. Your final resolution of the Complaint, and any action taken or punishment imposed as a result of such resolution.

Plaintiff also states that this request includes any complaints asserted against and by several specified individuals, but that her request is not limited to only those complaints. Although Plaintiff did not provide the Court with definitions of terms used in her request, University Defendants included a copy of Plaintiff's full request for production in their response to Plaintiff's motion to compel. Plaintiff defines the "Relevant Time Period" as January 1, 1985 to the present, and the term "University" as "West Chester University of Pennsylvania, including the Pennsylvania State System of Higher Education, as well as its employees, agents, representatives, trustees, governors, and attorneys."

University Defendants objected to Plaintiff's request on a variety of grounds, but nevertheless provided summaries of the complaints filed with the University's Affirmative Action office. An example of these summaries follows:

*Sexual Harassment Allegations Log*

Complainant: (redacted name) (student)
Accused: (redacted name) (faculty)
Date: 5/11/92
Location of Alleged Misconduct: Office
*Formal* or Informal Complaint (Circle One)
Persons involved in the Complaint: Franklin Simpson, Rick Wells
Investigation, Hearing or Discipline:
Substance of the Alleged Misconduct:

The complainant alleged that during the fall, 1990 semester that she was an advisee of the accused and that he indicated that he did not give his signature out for student schedules unless he knew the student well. The accused requested that she meet with him on 9/19/90 and 10/3/90, at which time he discussed her personal life or his and he put his hand on her knee or leg. At times he would also stoke (sic) her hair.

Outcome of the Complaint:

Franklin Simpson convened several Step I fact-finding meetings at which time the accused initially denied the allegations and then on 8/27/92, he verbally admitted that he engaged in the behavior described in the complaints. His behaviors were found to constitute sexual harassment. The accused was placed on sabbatical in the fall, 1992 semester to complete an educational program.

University Defendants have produced a total of forty-six (46) summaries, which purport to include formal and informal complaints by students and non-students, including all the formal and informal complaints filed by students with the West Chester University Affirmative Action/Social Equity Office. University Defendants further state that there are some additional non-student cases the details of which are "impossible" to retrieve, and some undetermined number of incidents that may have arisen and been dealt with outside of established channels.

In her instant motion to compel, Plaintiff asserts that the documents produced to date by the University Defendants are "extremely general" and do not "[detail] the various steps taken by the University in investigat-

ing, hearing and punishing claims of sexual harassment by students." Plaintiff contends that she will be "severely hampered" in her effort to establish the University Defendants' alleged pattern and practice of indifference to sexual harassment without an opportunity to inspect the University's files.

In their response to Plaintiff's motion to compel, University Defendants contend that Plaintiff's request was overbroad in that it seeks information about many different forms of conduct other than sexual harassment and also conflicts with confidentiality provisions in the University's sexual harassment policies, its collective bargaining agreements with University employees, and a state management directive. University Defendants also make assertions that the files of other sexual harassment complaints are irrelevant to Plaintiff's case, and contend that they have already collected and provided "a considerable amount of information" through the complaint summaries.

In addition to the briefs of the Plaintiff and Defendants, the Court has also given consideration to a response in opposition to Plaintiff's motion by Defendant Treadwell, as well as a brief submitted by Association of Pennsylvania State College and University Faculties. Petitioner APSCUF sought and was granted limited intervention for the sole purpose of opposing Plaintiff's discovery request. As collective bargaining agent for all of the faculty at West Chester University, including individuals who may be named in the sexual harassment files, APSCUF has emphasized the importance of confidentiality in sexual harassment complaint procedures.

■ After due consideration, the Court will deny Plaintiff's motion insofar as it seeks the original files from which University Defendants created the sexual harassment summaries. The Court is in agreement with the position of the University Defendants that the identities of both complainants and individuals accused of sexual harassment at West Chester University should be kept confidential. While Plaintiff is entitled to underlying documents relating to complaints filed against Defendant Treadwell—which the University Defendants do not dispute— Plaintiff has failed to show that she is enti-

tled to identities or documents underlying other complaints of sexual harassment in view of the importance of confidentiality in effectively addressing sexual harassment complaints in the University community and the extent of the summaries of the files already produced by University Defendants. These summaries include the date of the complaint, specific details of the substance of the complaint, the names and various actions of University individuals involved in the processing of the complaint, and the eventual result.

■ In determining whether Plaintiff is entitled to information on other forms of misconduct, the Court notes that West Chester University's sexual harassment policy defines sexual harassment as follows:

> *Definition:* Sexual harassment is unwelcomed sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature. It occurs when:
> 1. Submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, or of a student's academic status or treatment;
> 2. Submission to or rejection of such conduct by any individual is used as the basis for academic or employment decisions affecting an individual;
> 3. Such conduct creates an intimidating, hostile or offensive living, working or academic environment to a reasonable person.

In light of this definition, the Court will grant Plaintiff's motion to compel only insofar as it requests that University Defendants produce documents responsive to Plaintiff's request regarding any allegations of failure to respond adequately to complaints of sexual harassment. However, the documents shall be limited only to those documents involving complaints based on alleged incidents at West Chester University and may be prepared by Defendants in accordance with their practice to date of preparing summaries with redacted identities.

Plaintiff has requested a ninety-day extension of discovery, which is opposed by Defendant Treadwell. University Defendants have acknowledged that a short extension may be

appropriate. In view of the Court's rulings, the Court will grant one more extension of discovery for sixty days. The parties are on notice that subsequent requests for extensions will not be looked upon with favor.

An appropriate Order follows.

### ORDER

AND NOW, this 18th day of December, 1995; Plaintiff having filed a motion to compel production of documents; and Defendant Treadwell having filed a motion to compel Defendant West Chester University to produce an investigative file prepared by the University's Department of Public Safety; for the reasons set forth in the Court's memorandum of December 15, 1995;

IT IS ORDERED: Defendant Treadwell's motion to compel is DENIED.

IT IS FURTHER ORDERED: Plaintiff's motion to compel is DENIED insofar as it seeks the underlying documents used by University Defendants to prepare summaries of sexual harassment complaints.

IT IS FURTHER ORDERED: Plaintiff's motion to compel is GRANTED only insofar as it seeks documents regarding any allegations of failure by University Defendants to respond adequately to such complaints of sexual harassment. Such documents may be summarized in accordance with the University Defendants' practice and the names of the individual complainant and the accused shall continue to be redacted.

IT IS FURTHER ORDERED:

1. Plaintiff's motion for an extension of discovery is GRANTED IN PART and all discovery shall be completed by **Friday, February 23, 1996**;

2. The Final Pretrial Conference shall be held on **Tuesday, March 12, 1996 at 9:00 a.m.** in chambers (Room 10613, U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania) for the purpose of reviewing the Final Pretrial Order prior to trial. Trial Counsel shall attend said conference. The Final Pretrial Order shall be prepared in accordance with Judge Broderick's Order re Pretrial, a copy of which was previously sent to counsel, and shall be filed in chambers before the Final Pretrial Conference.

3. This case is scheduled for trial on **Tuesday, March 19, 1996 at 9:30 a.m. in Courtroom 10–B of this United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.**

4. This Order supersedes all prior scheduling orders. The parties are hereby notified that further extensions will not be looked upon with favor.